**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ MAY 2 7 2009 ★

BROOKLYN OFFICE

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

---

UNITED STATES OF AMERICA,　　　）

　　　　　v.　　　　　　　　　　）

NICHOLAS COROZZO,　　　　　　）

　　　　　　Defendant.　　　　　）

---

08-CR-76

**Statement of Reasons Pursuant to**
**18 U.S.C. § 3553(c)(2)**

**JACK B. WEINSTEIN, Senior United States District Judge:**

Under 18 U.S.C. § 3553(c), a sentencing court is required to "state in open court the reasons for its imposition of the particular sentence." 18 U.S.C. § 3553(c). If, however, the sentence is not of the kind or is outside the range of the sentencing guidelines as referred to in section 3553(a)(4), the court is required to state the specific reasons for imposing a sentence different from the guidelines. 18 U.S.C. § 3553(c)(2). These "reasons must also be stated with specificity in the written order of judgment and commitment." Id. Even though the mandatory nature of the guidelines has been excised and they are now "advisory," see United States v. Booker, 543 U.S. 220, 245-46 (2005), the sentencing court must still adhere to the requirements set forth in 18 U.S.C. § 3553(c)(2). United States v. Jones, 460 F.3d 191, 197 (2d Cir. 2006).

The sentencing court's written statement of reasons need only be "a simple, fact-specific statement explaining why the guidelines range did not account for a specific factor or factors under § 3553(a)." United States v. Rattoballi, 452 F.3d 127, 138 (2d Cir. 2006). Such a statement should demonstrate that the court "considered the parties' arguments and that it has a reasoned basis for exercising its own legal decisionmaking authority." United States v. Cavera, 550 F.3d 180, 193 (2d Cir. 2008) (quoting Rita v. United States, 127 S.Ct. 2456, 2468 (2007)) (internal quotations and alterations omitted). Although a written statement of reasons pursuant to

18 U.S.C. § 3553(c)(2) is not necessary when the court imposes a guidelines sentence, the statement may nevertheless assist the reviewing court and the United States Sentencing Commission in understanding the reasons for the court's sentence.

On August 14, 2008, Nicholas Corozzo pled guilty to count one of a forty-count, eleventh superseding indictment, which charged that the defendant, together with others employed by and associated with the Gambino Family enterprise, conspired to violate 18 U.S.C. § 1962(c) by conducting the affairs of the criminal enterprise through a pattern of racketeering activity, as defined in 18 U.S.C. § 1961(1) and (5). Corozzo allocuted to racketeering acts eleven and twenty-two of count one.

Section (a) of racketeering act eleven charged that between January 1, 1996 and January 26, 1996, the defendant, together with others, conspired to cause the death of Robert Arena and Thomas Maranga, in violation of New York Penal Law Sections 125.25(1) and 105.15. Section (b) of racketeering act eleven charged that on January 26, 1996, the defendant, together with others, with the intent to cause the death of Robert Arena, caused his death, in violation of New York Penal Law Sections 125.25(1) and 20.00.

Section (a) of racketeering act twenty-two charged that between April 2006 and June 2007, the defendant conspired with others to extort cash and check payments and business assets relating to John Doe #4's work at the Liberty View Harbor construction site, from John Doe #4, with consent to be induced through wrongful use of actual and threatened force, violence and fear, in violation of 18 U.S.C. § 1951(a). Section (b) of racketeering act twenty-two charged that between April 2006 and June 2007, the defendant, together with others, committed the extortion described above in section (a), in violation of 18 U.S.C. § 1951(a). Section (c) of racketeering act twenty-two charged that between April 2006 and June 2007, the defendant, together with others, stole cash and check payments and business assets relating to John Doe #4's work at the

Liberty View Harbor construction site, from John Doe #4, by extortion, in violation of New York Penal Law Sections 155.30(6), 155.05(2)(e)(i), 155.05(2)(e)(ii), 155.05(2)(e)(ix), and 20.00.

Corozzo was sentenced on April 17, 2009. The proceeding was videotaped in order to develop an accurate record of the courtroom atmosphere during sentencing and the various in-court factors and considerations that a district court must evaluate in imposing a sentence under 18 U.S.C. § 3553(a). See In re Sentencing, 219 F.R.D. 262, 264-65 (E.D.N.Y. 2004) (utility on appeal).

At sentencing, the court found the total offense level to be forty-four and defendant's criminal history category to be six, yielding a guidelines term of imprisonment of life. The offense carried a maximum term of imprisonment of life. See 18 U.S.C. § 1963(a). The plea agreement between the parties, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), proposed a sentence range of between twelve and fifteen years imprisonment. The guidelines range of fine was from $25,000 to $250,000. The open counts in the superseding indictment were dismissed upon motion by the government.

Corozzo was sentenced to thirteen and a half years imprisonment and five years supervised release. A $100 special assessment was imposed. No fines were imposed because the defendant does not, and will not in the future, have assets to pay a fine. A decision on restitution was adjourned on consent of the parties. The government's request for an order pursuant to 18 U.S.C. § 3582(d) was denied. See United States v. Corozzo, --- F.R.D. ---, 2009 WL 1097449 (E.D.N.Y. Apr. 23, 2009).

Respectful consideration was given to the sentencing guidelines, the Sentencing Commission's policy statements and all other factors listed under 18 U.S.C. § 3553(a) to ensure that the sentence is "sufficient, but not greater than necessary, to comply with the purposes" of sentencing. 18 U.S.C. § 3553(a). The court did not depart from the guidelines and sentenced the

defendant under 18 U.S.C. § 3553(a) and in consideration of the Rule 11(c)(1)(C) agreement of the parties.

The court considered the "nature and circumstances of the offense and the history and characteristics of the defendant." See 18 U.S.C. § 3553(a)(1). The offenses were very serious ones and the defendant is a criminal recidivist. A sentence of thirteen and a half years imprisonment reflects the seriousness of the offense, will promote respect for the law and provide just punishment. See 18 U.S.C. § 3553(a)(2)(A).

Under section 3553(a)(2)(B), there are two major considerations: specific and general deterrence. General deterrence is satisfied with the sentence imposed. The sentence will send a clear message that involvement in organized crime-related murders and extortions will result in a substantial prison sentence. Specific deterrence is required but is not a substantial feature of the sentence in view of the age of the defendant and his history of medical problems.

Jack B. Weinstein
Senior United States District Judge

Dated: May 1, 2009
       Brooklyn, New York